KOIKE ARONSON, INC.,
Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 98–1141.

United States Court of Appeals,
Federal Circuit.

Jan. 5, 1999.

Carl R. Soller, Soller, Shayne & Horn, New York, New York, argued for plaintiff-appellant. On the brief was Melvin B. Lazar.

James A. Curley, Attorney, Civil Division, Commercial Litigation Branch, International Trade Field Office, U.S. Department of Justice, New York, New York, argued for defendant-appellee. With him on the brief were Frank W. Hunger, Deputy Attorney General; David M. Cohen, Director, Washington, DC; and Joseph I. Liebman, Attorney in Charge, International Field Office, New York, New York. Of counsel on the brief was Chi S. Choy, Attorney, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, New York, New York.

Before RICH, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Koike Aronson, Inc., filed an administrative protest against the liquidation of certain entries of imported goods. The Customs Service denied the protest, and Koike appealed the denial to the Court of International Trade, claiming that Customs had selected the wrong tariff classification for the subject goods. On the government's motion, the court dismissed the appeal for lack of jurisdiction. The court noted that its jurisdiction under 28 U.S.C. § 1581(a) is limited to appeals from denials of valid protests and held that Koike's protest was invalid under the relevant statutory and regulatory standards. We affirm.

Koike's protest was filed on May 31, 1995, on a standard Customs form entitled "PROTEST." Block number 9 on the form bore the following instructions:

> With respect to each category of merchandise, set forth, separately, (1) each decision protested, (2) the claim of the protesting party, and (3) the factual material and legal arguments which are believed to support the protest. All such material and arguments should be specific. General statements of conclusions are not sufficient. If Further Review is applied for, set forth additionally, a justification for Further Review under the criteria in 19 C.F.R. 174.24 and 174.25.

Koike's entry under block 9 is set forth below in its entirety:

> Protest is made against the assessment of duties, as classified under the HTSUS by the U.S. Customs Service, against the subject machinery and parts.
>
> It is further claimed that the subject liquidations are void as being beyond the four year limitation mandated by the Customs Regulations.

It is further claimed that notice of extension or suspension of the subject liquidations was not properly given. It is requested that a final decision on this protest be held in abeyance until additional argument is submitted.

Customs indicated its denial of the protest on the protest form submitted by Koike with the following remarks:

No additional information submitted to support claim as of 10/5/95. All liquidations were effected within 4 year statutory period. Notice of extension are [sic] automatically sent to importer for all extensions.

Koike argues that the Court of International Trade should have asserted jurisdiction over its appeal under 28 U.S.C. § 1581(a). Section 1581(a) gives the Court of International Trade exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part." Section 514 of the Tariff Act, 19 U.S.C. § 1514, specifies what must be contained in a protest. Section 1514(c)(1) provides:

(c) Form, number, and amendment of protest; filing of protest

(1) A protest of a decision ... shall be filed in writing ... or transmitted electronically ... in accordance with regulations prescribed by the Secretary. A protest must set forth distinctly and specifically—

(A) each decision described in subsection (a) of this section as to which protest is made;

(B) each category of merchandise affected by each decision set forth under paragraph (1);

(C) the nature of each objection and the reasons therefor; and

(D) any other matter required by the Secretary by regulation.

The implementing regulation requires that a protest specify "[t]he nature of, and justification for the objection set forth distinctly and specifically with respect to each category, payment, claim, decision, or refusal. . . ." 19 C.F.R. § 174.13(a)(6).

By its terms, section 1581(a) limits the jurisdiction of the Court of International Trade to appeals from denials of valid protests. Thus, the court lacks jurisdiction over protests that do not satisfy the requirements of 19 U.S.C. § 1514(c)(1) and 19 C.F.R. § 174.13(a). *See Computime, Inc. v. United States,* 772 F.2d 874, 875 (Fed.Cir.1985); *Washington Int'l Ins. Co. v. United States,* 16 Ct. Int'l Trade 599, 601 (1992).

The Supreme Court has explained the rationale for requiring protests to convey to Customs particular information material to the dispute:

Protests ... must contain a distinct and clear specification of each substantive ground of objection to the payment of the duties. Technical precision is not required; but the objections must be so distinct and specific, as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated.

*Davies v. Arthur,* 96 U.S. 148, 151, 24 L.Ed. 758 (1877). The Court of International Trade has construed protests generously in favor of finding them valid, but nonetheless has held that a protest is defective if it "gives no indication of the reasons why the collector's action is alleged to be erroneous, and, further, does not set forth the paragraphs which allegedly properly govern the disposition of the merchandise." *Washington Int'l Ins. Co.,* 16 Ct. Int'l Trade at 602 (quoting *Mattel, Inc. v. United States,* 72 Cust. Ct. 257, 261, 377 F.Supp. 955 (1974)).

Koike's protest fails to satisfy the statutory or regulatory requirements of validity. In particular, the protest does not state either "the nature of each objection and the reasons therefor," 19 U.S.C. § 1514(c), or the "justification for [each] objection set forth distinctly and specifically," 19 C.F.R. § 174.13(a)(6). Instead, it simply states, without elaboration, that protest is made against Customs' assessment of duties on the

identified entries. The protest does not even specify the tariff classifications that Koike would have Customs adopt in lieu of the classifications at which it was directed.

■ Koike argues that its protest, when read in light of its pre-protest correspondence with Customs officials, was adequate to ensure that Customs had sufficient information to consider the grounds of the protest and to correct any mistakes it might have made. According to Koike, Customs was fully informed, through prior discussions, as to the substance of Koike's position. Koike further points out that Customs did not deny the protest on the ground that it did not understand the basis of Koike's claim, but instead denied the protest on the merits, thus implicitly admitting that it had sufficient information regarding the substance of the protest.

Even assuming that Koike's characterization of the facts is accurate, Koike is in effect asking us to hold that a protest is valid if a court can surmise, from the surrounding circumstances, that Customs was aware of the substance of the protesting party's claim. The requirements for a valid protest that are contained in section 1514(c)(1) and the implementing regulation, however, are mandatory, and Koike's protest plainly failed to satisfy them. As this court has explained, protests are not "akin to notice pleadings [that] merely have to set forth factual allegations without providing any underlying reasoning." *Computime, Inc.*, 772 F.2d at 878. Because the statutory and regulatory requirements are jurisdictional, the consequence of failing to comply with them is harsh. Fortunately, however, the requirements are straightforward and not difficult to satisfy, and thus dismissals for failure to comply with the jurisdictional prerequisites should be rare.

*AFFIRMED.*