Slip Op. 04-61

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: GREGORY W. CARMAN

|  |  |
|---|---|
| **XL SPECIALTY INSURANCE CO.**<br>**(Surety for Cosmos Electronics Co.),**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>      **Defendant.** | **Court No. 01-00900** |

[Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted. Plaintiff's Motion for Leave to Amend[] or Supplement Complaint is denied.]

*Jeffrey S. Kranig*, Schaumburg, Illinois, for Plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice; *James A. Curley*, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Michael W. Heydrich*, Attorney, Office of Assistant Chief Counsel, United States Bureau of Customs and Border Protection, of Counsel, for Defendant.

Dated: June 8, 2004

## OPINION

**CARMAN, Judge:** Pursuant to USCIT Rule 12(b)(1), Defendant moves to dismiss this action for lack of subject matter jurisdiction. Plaintiff, XL Specialty Insurance Co. (Surety for Cosmos Electronics Co.) ("XL Speciality"), alleges jurisdiction under 28 U.S.C. § 1581(a) (2000). Defendant argues that XL Specialty failed to file a proper protest. Plaintiff opposes

Defendant's motion and moves, pursuant to USCIT Rule 15(a), for leave to amend its complaint. This Court has jurisdiction to resolve this matter under 28 U.S.C. § 1581(a). As discussed below, this Court grants Defendant's Motion to Dismiss because Plaintiff's protest is not sufficient to satisfy the regulatory and statutory requirements for validity. Plaintiff's request for leave to amend its complaint is denied.

## BACKGROUND

The subject entries of color television receivers manufactured in South Korea by Cosmos Electronics Co. Ltd. were entered in April 1987 and May 1987. (Compl. ¶¶ 5-6[1]; Def.'s Br. in Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Def.'s Reply") at 3.) At the time of entry, the subject merchandise was subject to an administrative antidumping duty review for the period April 1, 1987, through March 31, 1998. (Compl. ¶ 8; Def.'s Reply at 3.) Under that administrative review, the entries were subject to certain importer-specific antidumping duty rates. (Compl. ¶ 8.) On April 21, 2000, the United States Customs Service, now organized as the Bureau of Customs and Border Protection ("Customs"), liquidated the subject entries and assessed a supplemental antidumping duty rate of 4.51% *ad valorem*. (*Id.* ¶ 13.) On July 12, 2000, after the importer, Cosmos Electronics, refused to pay the supplemental duties, Customs mailed a demand for payment to XL Specialty as surety for Cosmos Electronics. (*Id.* ¶ 14; Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2.)

---

[1] Plaintiff's complaint is mis-numbered. For the purposes of citation, this Court refers to paragraphs of the complaint as numbered from the first paragraph.

On October 6, 2000, Plaintiff filed a timely[2] protest challenging Customs' demand for payment of the supplemental duties. (Protest No. 3001-00-100339 at 1.) XL Specialty attached three additional pages to its protest form. (*Id*. at 2-4.) In the additional pages, XL Specialty presented several "alternative arguments" against Customs' liquidation of the subject entries. (*Id.* at 2.) The relevant portion of the protest is below. The two passages central to the parties' arguments are underlined.

## II. SURETY'S PROTEST:

| Entry Numbers: | Entry Date | Liquidation/Bill Date | Port |
|---|---|---|---|
| 11006442476 | 05/17/87 | 04/21/00 | 3001 |
| 11006441338 | 04/30/87 | 04/21/00 | 3001 |

### A. ALTERNATIVE ARGUMENTS - INCORRECT DECISIONS MADE BY THE IMPORT SPECIALIST DURING LIQUIDATION:

The surety files this protest of the liquidation decisions and supplemental duty bills that relate to the captioned entries upon the belief that there errors have made in the such decisions and bills [sic].

The surety hereby files this protest against your decision to: reclassify and/or reappraise the subject entries: deny drawback; assess antidumping/countervailing duties or any calculation of double antidumping duties based upon presumption of reimbursement, marking duties, or any other special duties, charges or exaction, including but not limited to interest.

The surety additionally claims that the importer capped and extinguished of its liability [sic] for additional antidumping duties as allowed under 19 C.F.R. 351.212(d) and 19 U.S.C. 1673f(a)(1). To the best of the surety's knowledge, the importer may have paid the cash deposit at the applicable preliminary countervailing duty rate in effect between the date of the preliminary antidumping order and the final antidumping order.

---

[2] "A protest by a surety which has an unsatisfied legal claim under its bond may be filed within 90 days from the date of mailing of notice of demand for payment against its bond." 19 U.S.C. § 1514(c)(3). The notice of demand for payment was mailed on July 12, 2000; thus, XL Specialty's protest, filed 86 days later on October 6, 2000, was timely under the statute.

Surety also protests any clerical error or mistake of fact made that influenced the increase in the amounts of duty found due when the entries were liquidated.

As this is a protest, surety claims: the merchandise is properly appraised at the invoice unit values and that the values that were used as the basis for the supplemental duties were excessively high, the classification and the duty rate submitted by the importer at time of entry are correct; the entry is not subject to antidumping/ countervailing duties, that <u>even if the entries are subject to the antidumping or countervailing duties, the rate used at liquidation did not apply to entries in question</u> [sic] and that there was no reimbursement of antidumping duties paid prior to or received by the importer of record, or any other special duties, charges or exaction, including but not limited to interest.

Additionally, on information and belief, <u>the surety claims that entries were liquidated after the 6 month or 90 day statutory deadline imposed by 19 U.S.C. 1504(d)</u>, that the entries were not within the scope of the antidumping/countervailing duty case that Customs relied upon to determine that supplemental duties are due, and that other errors were made in the determinations that supplemental duties are due for the captioned entries.

Surety is presently gathering the information and evidence necessary to establish our claims. Upon receipt of the documents and information, we will supplement the claims made in this protest with additional information as appropriate.

(*Id.* at 2-3 (emphasis added).)

On February 8, 2001, as a "supplement" to its protest, Plaintiff filed a letter which stated that the subject entries, imported by Cosmos Electronics, were incorrectly assessed the supplemental antidumping duty rate that applied to <u>Cosmos Communications</u>, an unaffiliated Florida corporation. (Letter from Jeffrey S. Kranig, Counsel to XL Specialty Insurance Company to Customs of 02/08/01 ("February Letter") at 1.)

Customs denied Plaintiff's protest on April 19, 2001. (Protest 3001-00-100339 at 1.) As explanation for the denial, a Customs officer wrote: "Denied: Entry Liquidated timely & correctly." (*Id.*)

On October 15, 2001, Plaintiff filed a summons in this Court challenging Customs' denial of its protest based on "the Customs Officer's mistake regarding applicable antidumping duty rate to be assessed to Cosmos Electronics Co. entries," and "the Customs Officer's mistake regarding the deemed liquidation status of the entries under [19 U.S.C. §] 1504(d).[3]" (Summons at 2.) On April 29, 2003, Plaintiff filed its complaint alleging that the subject entries were incorrectly assessed the supplemental antidumping duty rate that applied to Cosmos Communications, an unaffiliated Florida corporation. (Compl. ¶¶ 7, 13.) Plaintiff's complaint did not allege that the subject entries were deemed liquidated under § 1504(d). After two extensions of time in which to answer were granted, Defendant filed its Motion to Dismiss on October 30, 2003. (*See* Def.'s Mot. at 8.)

As detailed in Plaintiff's contentions below, the bulk of Plaintiff's opposition to Defendant's Motion to Dismiss rests on Plaintiff's assertion that its protest was valid because it contained a sufficient deemed liquidation claim. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 1-6.) After reviewing the parties' submissions, this Court asked for further briefing on the issue of whether Plaintiff's contention that its protest was sufficient based on its deemed liquidation claim was effected by the fact that Plaintiff did not allege deemed liquidation

---

[3] Deemed liquidation is provided for in 19 U.S.C. § 1504(d):

> when a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry, unless liquidation is extended. . . within 6 months after receiving notice of the removal from the Department of Commerce . . . . Any entry . . . not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record.

19 U.S.C. § 1504(d).

in its complaint.  (*See* Letter to Counsel from the chambers of Judge Carman of 03/30/04.)  In response to that letter, Plaintiff filed a Motion for Leave to Amend[] or Supplement Complaint ("Pl.'s Mot. to Amend") asking to add a deemed liquidation claim.  (Pl.'s Mot. to Amend at 1.)  Defendant opposes Plaintiff's request to amend its complaint.

DISCUSSION

As the party seeking to invoke this Court's jurisdiction, XL Specialty bears the burden of establishing jurisdiction.  *See Old Republic Ins. Co. v. United States*, 741 F. Supp. 1570, 1573 (Ct. Int'l Trade 1990) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  XL Specialty alleges jurisdiction under 28 U.S.C. § 1581(a).  (Compl. ¶ 1.)  Because Defendant's Motion to Dismiss challenges the factual basis of XL Specialty's allegations of jurisdiction, the allegations in the complaint are not controlling and only the uncontroverted facts will be accepted as true.  *See SSK Indus., Inc. v. United States*, 101 F. Supp. 2d 825, 829 (Ct. Int'l Trade 2000) (citing *Power-One, Inc. v. United States*, 83 F. Supp. 2d 1300, 1303 (Ct. Int'l Trade 1999) and *Cedars-Sinai Med. Cntr. v. Walters*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993)).  All other facts underlying jurisdiction "are subject to fact-finding by this Court."  *Id.*

Under 28 U.S.C. § 1581(a), this Court has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. § 1581(a).  "Therefore a prerequisite to jurisdiction by the Court is the denial of a valid protest."  *Volkswagen of Am., Inc. v. United States*, 277 F. Supp. 2d 1364, 1367 (Ct. Int'l Trade 2003) (citing *Washington Int'l Ins. Co. v. United States*, 16 Ct. Int'l Trade 599, 601 (1992)); *see also Koike Aronson, Inc. v. United Sates*, 165 F.3d 906, 908 (Fed. Cir. 1999) ("By its terms, section 1581(a) limits the jurisdiction of the Court of International Trade to

appeals from denials of valid protests.").

In order for a protest to be valid, it must satisfy the statutory and regulatory requirements set forth in 19 U.S.C. § 1514(c) and 19 C.F.R. § 174.13(a). In addition to other formal requirements, § 1514(c)(1) states that "[a] protest must set forth distinctly and specifically . . . each decision . . . as to which protest is made; . . . the nature of each objection and the reasons therefor; and . . . any other matter required by the Secretary by regulation." 19 U.S.C. § 1514(c)(1). Regulation § 174.13 states that "[a] protest shall contain the following information . . . [t]he nature of, and justification for the objection set forth distinctly and specifically with respect to each category, payment, claim, decision, or refusal." 19 C.F.R. § 174.13(a)(6).

### PARTIES' CONTENTIONS

## I. Defendant's Motion to Dismiss.

*A. Defendant's Contentions.*

Defendant contends that this Court lacks subject matter jurisdiction over this action because Plaintiff's protest does not meet the statutory and regulatory requirements for validity. (Def.'s Mot. at 5.) Specifically, Defendant contends that Plaintiff's protest failed to set forth distinctly and specifically, "the nature of each objection and the reasons therefor" as required by statute. (*Id.* (quoting 19 U.S.C. § 1514(c)(1)(C)).) Further, Defendant asserts that Plaintiff's protest failed to specify the "justification for each objection set forth distinctly and specifically," as required by Customs' regulations. (*Id.* (citing 19 C.F.R. § 174.13(a)(6)).) Defendant contends that XL Specialty's protest "failed to state any reason for the objections that would have allowed Customs to decide whether it had incorrectly liquidated the entries." (*Id.*)

Defendant characterizes Plaintiff's protest as a "blanket protest" that merely listed every possible objection to Customs' liquidation and did not include any reasons to support those objections. (Def.'s Mot. at 6.) Defendant contends that "[s]uch a blanket protest undermines the administrative remedy provided by Congress because it does not give Customs an opportunity to correct its mistakes." (*Id.* (citing *Davies v. Arthur*, 96 U.S. 148, 151 (1877)).) To highlight the protests' "all encompassing nature," Defendant contends that "[m]ost of the objections in the protest have nothing to do with Customs' liquidation of the entries in issue." (*Id.* at 6 n.2.) Defendant notes that Plaintiff protested Customs' decision to deny drawback and assess marking duties, yet "the importer never applied for drawback . . . and Customs did not assess marking duties on the entries." (*Id.* (citing Protest No. 3001-00-100339 at 2-3).) Defendant argues that the administrative "policy behind the protest procedure . . . will be undermined" if Plaintiff's protest is held to be valid in this case. (Def.'s Reply at 10.)

In its Reply Brief, Defendant addresses Plaintiff's two central contentions: 1) that its protest was valid because it contained a sufficient deemed liquidation claim; and 2) that its protest was valid because it contained a sufficient wrong assessment rate claim. (Def.'s Reply at 2-6 (referencing Pl.'s Opp'n at 3-6).) Defendant contends that these statements "are objections to Customs' decision, not reasons why Customs' decision to assess antidumping [duties] was incorrect." (*Id*. at 2.)

First, Defendant counters Plaintiff's contention that the protest was valid based on its objection to "Customs' decision . . . to assess antidumping/ countervailing duties" because "the entries were liquidated after the 6 month . . . statutory deadline imposed by 19 U.S.C. 1504(d)." (*Id.* at 2 (citing Pl.'s Br. at 3 (in turn citing Protest No. 3001-00-100339 at 2-3).) Defendant

asserts that the quoted protest language is "merely a statement of [Plaintiff's] claim," and "offers no reason why the entries liquidated in accordance with § 1504(d)." (*Id.* at 4.)  Defendant contends that Plaintiff's deemed liquidation claim cannot be a "reason" for protesting Customs' decision to assess antidumping duties because, even if the entries were deemed liquidated, antidumping duties would still be assessed by Customs at the rate entered.  (Def.'s Reply at 3.)

Additionally, Defendant contends that the deemed liquidation statement in Plaintiff's protest cannot be the basis for validity because it failed to set forth any of the required elements for deemed liquidation as "reasons" for the deemed liquidation objection.  (Def.'s Reply at 4.)  Defendant contends that courts have held that "in order for a deemed liquidation to occur, (1) the suspension of liquidation that was in place must have been removed; (2) Customs must have received notice of the removal of the suspension; (3) Customs must not liquidate the entry at issue within six months of receiving such notice." (*Id.* (quoting *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1376 (Fed. Cir. 2002)).)  Defendant contends that Plaintiff's protest failed "to state any fact that relates its claim under § 1504(d) to Customs' liquidation of the entries in issue." (*Id.* at 5.)  Defendant contends that "[i]n the absence of such information, the plaintiff has not stated a reason why Customs' liquidation decision was incorrect, and does not give Customs the information necessary to correct [its decision] if warranted." (*Id.*)

Second, Defendant addresses Plaintiff's contention that its protest was valid based on a wrong assessment rate claim. (*Id.* at 5; Def.'s Reply at 6-7.)  Defendant stresses that even if the statement that "the rate used at liquidation did not apply to entries in question" could be construed to state an objection, the protest is still invalid "because it does not state the reasons why the rate used by Customs did not apply to the entries in question." (Def.'s Mot. at 7

(quoting Protest No. 3001-00-100339 at 2).)  Although Plaintiff argues that Customs had the opportunity to inquire further about this issue, Defendant asserts that "Customs had no better reason to investigate [the wrong assessment rate] objection than the dozen or so other objections raised in the protest." (Def.'s Reply at 7.)  Defendant contends that "the failure of a protest to include the necessary reasons cannot be cured . . . by arguing that Customs could have conducted an investigation to obtain the missing information." (Def.'s Reply at 8-9.)  Defendant contends that because Plaintiff failed to state a reason <u>why</u> "the rate used at liquidation did not apply to the entries in question," (Protest No. 3001-00-100339 at 2), the protest was invalid under the statute and regulation.  (Def.'s Reply at 7-8.)

Next, Defendant addresses Plaintiff's February Letter which contained certain facts regarding the wrong assessment rate claim.  (Def.'s Mot. at 5-6.)  Defendant contends that Plaintiff attempted to amend its protest with the additional information contained in the February Letter.  (*Id.* at 6 n.1)  Defendant notes that a protest can be amended "to include objections . . . that were not the subject of the original protest," but asserts that these objections "must be made before expiration of the 90-day period in which the protest could have been filed." (*Id.* (citing 19 U.S.C. § 1514(c)(1)).)  Defendant contends that the February Letter "cannot cure the defects in the protest" because the letter was not filed within 90 days of the demand for payment as required by statute.  (*Id*. at 5.)  Further, Defendant asserts that the February Letter cannot qualify as "new grounds in support of objections raised by a valid protest" because the protest was not valid when it was filed with Customs for the reasons given above.  (*Id.* at 6 n.1 (quoting 19 U.S.C. § 1514(c)(1)).)

Defendant contends that the statement in the protest that Plaintiff "is presently gathering

the information and evidence necessary to establish our claims," indicates that when the protest was filed, Plaintiff did not have a reason to support its objections and would inform Customs later of the reason. (*Id.* at 6.) Defendant asserts that Plaintiff did not afford Customs the opportunity to correct its mistakes because Plaintiff failed to submit the necessary "reasons" for its objections when it filed its protest. (*Id.*) Defendant contends that Plaintiff included "every conceivable ground for challenging [Customs'] decision with the hope or expectation that a reason eventually would be found." (Def.'s Reply at 7.)

*B. Plaintiff's Contentions.*

Plaintiff contends that its protest fulfilled all the statutory and regulatory requirements for validity. (Pl.'s Opp'n at 1.) Plaintiff asserts that its protest is sufficient because it objected to Customs' decision to assess antidumping duties based on two claims set forth in the protest: 1) a deemed liquidation claim; and 2) a wrong assessment rate claim. (*Id.* at 3, 6.)

First, Plaintiff draws the Court's attention to the statement in its protest that Plaintiff objected to Customs' "decision to . . . assess antidumping/countervailing duties" because "the entries were liquidated after the 6 month . . . statutory deadline imposed by 19 U.S.C. 1504(d)." (*Id.* at 3 (quoting Protest No. 3001-00-100339 at 2-3).) Plaintiff contends that this statement is a sufficient "reason" for objecting to Customs' decision. (*Id.*) Plaintiff contends that this statement's "lack of details is not a fatal flaw." (*Id.* at 4.) Plaintiff acknowledges that this statement does not provide the underlying facts, but asserts that the statement is a sufficient reason for its objection. (*Id.* ("The fact that the statement does not provide either the in depth chronology of the six month liquidation period or of the gap between the expiration of that period and the liquidation date does not make the statement something other than a reason for the

plaintiff's protest objection."").) Plaintiff contends that the court has rejected the contention that "the absence of precise facts" renders a protest invalid. (*Id.* at 4-5 (citing *Volkswagen*, 277 F. Supp. 2d at 1369).)

Plaintiff asserts that the sufficiency of the deemed liquidation claim "as a protest objection and reason therefor" is further bolstered by the fact that the Customs officer "respond[ed] to the claim in the protest decision." (*Id.* at 5.) Plaintiff contends that "the import special[ist] signed the protest denial decision in part because he believed that the entry was 'liquidated timely.'" (*Id.* (citing Protest No. 3001-00-100339 at 1).) Plaintiff asserts that the deemed liquidation claim was sufficient to "allow[] Customs the opportunity to review the documentation in the liquidated entry files to determine whether the liquidation was timely" because Customs' records contained the "dates of entry, the antidumping case number, the importer and exporter names, and the date of liquidation." (*Id.* at 6.) Plaintiff contends that this information made it "relatively simple" for Customs to conduct an investigation "to determine the trigger date for the liquidation period provided by 19 U.S.C. § 1504(d), the date of expiration of that six month period, and the timeliness of the liquidation with respect to the expiration of the six month period." (*Id.*)

Second, Plaintiff asserts that the "main issue in this case is the claim that Customs used the wrong assessment rate to liquidate the entries." (*Id.*) Plaintiff contends that its protest is valid because this claim was also sufficiently set forth in the protest: "even if the entries are subject to antidumping or countervailing duties, the rate used at liquidation did not apply to the entries in question." (*Id.* (quoting Protest No. 3001-00-100339 at 3).) Plaintiff contends that "the protest's reference to the inapplicability of the antidumping rate . . . was sufficient to meet

the protest validity requirements provided in 19 U.S.C. § 1514(c)(1)(C)." (*Id.* at 7.) Plaintiff

contends that minimal additional investigation was necessary for Customs to determine if an

incorrect duty rate had been applied because "Customs merely needed to . . . compar[e] the

importer's name on the entry documents to the importer names on the liquidation instructions to

ascertain that the rate used at liquidation pertained to Cosmos Communications, not Cosmos

Electronics." (*Id.*) Plaintiff asserts that, based on the language in the protest and the information

contained in the entry file, "Customs had the opportunity to perform the investigation of a

specific question." (*Id.*) Plaintiff contends that "[i]t is irrelevant to the issue of protest validity

that Customs['] discretion or administrative protocols or priorities may have required more

information before Customs would ever have agreed to perform the inquiry and further

investigate the applicability of the rate." (*Id.*)

Plaintiff claims that Defendant clouds the issue by drawing attention to Plaintiff's

statement in the protest that the surety "is presently gathering the information and evidence

necessary to establish our claims." (*Id.* at 9 (quoting Protest No. 3001-00-100339 at 3).)

Plaintiff contends that "the protest reasons were concretely provided independent of the notice

that the surety intended to provide additional information." (*Id.*) Plaintiff asserts that this

statement in the protest was "not a notice that the protest lacked reasons for the objections to the

protestable [Customs] decisions." (*Id.*) Plaintiff concludes that the "deemed liquidation claim

and the incorrect assessment rate claim in this protest provided Customs with defined courses of

inquiry to pursue to determine whether the claims had merit." (*Id.*)

Alternatively, Plaintiff contends that "[a]t a minimum," the protest raised a sufficient

objection and the "specific facts" in the February Letter "provided new grounds in support

thereof in accordance with 19 U.S.C. [§] 1514(c) and the *Pagoda* and *Fujitsu* decisions." (*Id.*)

Plaintiff states that the February Letter "was a timely filed supplement to the objection already

raised in the protest here just like the protest and supplement in *Pagoda*." (*Id.*) Plaintiff cites

*Pagoda Trading v. United States*, 804 F.2d 665 (Fed. Cir. 1986), to argue that under § 1514(c),

this Court should find that the February Letter was a timely "new ground" in support of the

wrong assessment rate objection already raised in the protest. (*Id.* at 3, 9.) Plaintiff contends the

because the February Letter "did not challenge a different 'decision,' but merely raised a 'new

ground' in support of the objections in the original protest," the letter "did not have to be filed

within the 90-day period." (*Id.* at 3 (quoting *Pagoda*, 804 F.2d at 668).) Plaintiff concludes that

because its protest was sufficient to satisfy the statutory and regulatory requirements for validity,

Defendant's Motion to Dismiss should be denied. (*Id.* at 9-10.)

**ANALYSIS**

**I. Defendant's Motion to Dismiss is Granted.**

This Court holds that Plaintiff's protest failed to meet the statutory and regulatory

requirements for sufficiency of protest. Therefore, this Court lacks jurisdiction over this case,

and Defendant's motion to dismiss is granted. "[D]enial of jurisdiction for insufficiency of

protest is a severe action which should be taken only sparingly." *United States v. Parksmith*

*Corp.*, 514 F.2d 1052, 1057 (C.C.P.A. 1975) (quoting *Eaton Mfg. Co. v. United States*, 469 F.2d

1098 (C.C.P.A. 1972)). "The court generally construes a protest in favor of finding it valid

unless the protest 'gives no indication of the reasons <u>why</u> [Customs'] action is alleged to be

erroneous.'" *Sony Elecs., Inc. v. United States*, No. 98-07-02438, 2002 Ct. Int'l Trade LEXIS

20, at *6 (Ct. Int'l Trade Feb. 26, 2002) (emphasis added) (citing *Koike Aronson*, 165 F.3d at

908) (in turn quoting *Washington Int'l Ins. Co.*, 16 Ct. Int'l Trade at 602). Although protests are

to be liberally construed, *Mattel, Inc. v. United States*, 377 F. Supp. 955, 960 (Cust. Ct. 1974),

that "<u>does not</u> . . . mean that protests are akin to notice pleadings and merely have to set forth

factual allegations without providing any <u>underlying reasoning</u>," *Computime, Inc. v. United*

*States*, 772 F.2d 874, 879 (Fed. Cir. 1985) (emphasis added).

Section 1514(c)(1) states that among other requirements,

A protest must set forth distinctly and specifically –
(A) each decision . . . as to which protest is made;
(B) each category of merchandise affected by each decision . . . ;
(C) the nature of each objection and the reasons therefor; and
(D) any other matter required by the Secretary by regulation.

19 U.S.C. § 1514(c)(1). Customs' regulations require that a protest include "[t]he nature of, and

justification for the objection set forth distinctly and specifically with respect to each . . .

decision." 19 C.F.R. § 174.13(a)(6). In applying the statutory and regulatory requirements,

courts have held that "[a] protest must be sufficiently distinct and specific to enable the Customs

Service to know what is in the mind of the protestant." *Parksmith Corp.*, 514 F.2d at 1057; *see*

*also Eaton Mfg. Co.*, 469 F.2d at 1098. The Supreme Court has ruled that:

> Protests . . . must contain a distinct and clear specification of each substantive ground
> of objection to the payment of the duties. Technical precision is not required; but the
> objections must be so distinct and specific, as, when fairly construed, to show that
> the objection taken at the trial was at the time in the mind of the importer, and that
> it was sufficient to notify the collector of its true nature and character to the end that
> he might ascertain the precise facts, and have an opportunity to correct the mistake
> and cure the defect, if it was one which could be obviated.

*Davies v. Arthur*, 96 U.S. at 151; s*ee also, Mattel, Inc.*, 377 F. Supp. at 960 (A protest is

sufficient "for purposes of [19 U.S.C. § 1514,] if it conveys enough information to apprise

knowledgeable officials of the importer's intent and the relief sought.").

Here, the parties agree that Plaintiff's protest stated the decision that was being protested: Customs' decision to assess supplemental antidumping duties. (Pl.'s Opp'n at 3, 6; Def.'s Reply at 2-3.) However, the parties disagree whether the two passages in the protest highlighted by Plaintiff merely stated "the nature of the objection," as Defendant claims, (Def.'s Mot. at 5-7), or whether the two passages sufficiently stated "the nature of the objection and the reasons therefor," as Plaintiff contends, (Pl.'s Opp'n at 8). *See* 19 U.S.C. § 1514(c)(1)(emphasis added). This Court holds that Plaintiff's protest merely stated the nature of its objections to Customs decision to assess duties. Therefore, this Court holds that Plaintiff's protest was not valid because it failed to state distinctly and specifically the reasons or justifications for its objections to Customs' decision as required under the statute and regulation. *See* 19 U.S.C. § 1514(c); 19 C.F.R. § 174.13(a)(6). This Court holds that it is not possible to determine the reasons or justifications for Plaintiff's objections from the text of the protest. *See Ammex Inc. v. United States*, 288 F. Supp. 2d 1375, 1382 (Ct. Int'l Trade 2003). This Court further holds that there is no possible construction of the language of the protest that would indicate that the protest gave the Customs official reviewing the protest sufficient information such that the official could correct any mistakes in liquidation.

**1. Plaintiff's Protest is Not Valid Based on its Deemed Liquidation Claim.**

Plaintiff's deemed liquidation claim is not sufficient under 19 U.S.C. § 1514(c)(1) and 19 C.F.R. § 174.13(a)(6); thus, the deemed liquidation claim cannot be a basis for holding Plaintiff's protest valid. Applying the statutory requirements to Plaintiff's deemed liquidation claim, Plaintiff's protest stated the decision that was being protested: "[Customs'] decision to . . . assess

antidumping/countervailing duties." (Protest No. 3001-00-100339 at 2.)  The protest also stated the nature of the objection to that decision: "the entries were liquidated after the 6 month . . . statutory deadline imposed by 19 U.S.C. 1504(d)." (*Id*. at 3.)  However, Plaintiff's protest does not fulfill the requirement that a protest state the "reasons" and "justifications for the objection." *See* 19 U.S.C. § 1514(c)(1)(C); 19 C.F.R. § 174.13(a)(6).

Plaintiff's protest failed to provide "any underlying reasoning" for its deemed liquidation objection. *Computime*, 772 F.2d at 878.  Plaintiff's protest failed to state <u>why</u> the entries were deemed liquidated.  Plaintiff's protest did not indicate that there was a suspension of liquidation, when and if that suspension had been removed, or if Customs had received notice of the removal. *See Fujitsu Gen. Am. Inc.*, 283 F.3d at 1376.  This Court is not persuaded by Plaintiff's argument that the underlying reasoning could have been determined by Customs with minimal investigation. (*See* Pl.'s Opp'n at 6.)  Under the statute, Plaintiff clearly bears the burden of setting forth the reasons and justifications for its objections to Customs' decisions. *See* 19 U.S.C. § 1514(c)(1) ("[a] protest <u>must</u> set forth distinctly and specifically . . . the reasons therefor." (emphasis added)); *see also Washington Int'l Ins. Co.*, 16 Ct. Int'l Trade at 604 (finding the plaintiff's protest invalid for failure to provide reasons for its objection to Customs' classification and stating that "[a]ny other ruling by this court would . . . effectively require Customs to scrutinize the entire administrative record of every entry in order to divine potential objections and supporting arguments which an importer meant to advance.").

This Court recognizes that liberal construction of the validity requirements is generally afforded to protests, but notes that courts have not hesitated to find protests invalid if the protest "gives no indication of the <u>reasons why</u> the collector's action is alleged to be erroneous." *Koike*

*Aronson*, 165 F.3d at 908 (emphasis added) (quoting *Washington Int'l Ins. Co.*, 16 Ct. Int'l Trade at 602); *see also Ammex*, 288 F. Supp. 2d at 1381-82 (finding that the plaintiff's protest "neither states the 'reasons' for the objection, 19 U.S.C. § 1514(c), nor does it elaborate on the 'justification for [the] objection set forth distinctly and specifically,' 19 C.F.R. § 174.13(a)(6)").

Further, this Court is not persuaded by Plaintiff's contentions that the protest "must have been sufficiently informative," because of the written response of the Customs official on the protest form. (*See* Pl.'s Opp'n at 5.) In rejecting similar arguments, the court has held that "[t]he test for determining the validity and scope of a protest is objective and independent of a Customs official's subjective reaction to it." *Sony Elecs., Inc.*, No. 98-07-02438, 2002 Ct. Int'l Trade LEXIS 20, at *5 (citing *Power-One Inc.*, 83 F. Supp. 2d at 1305).

**2. Plaintiff's Protest is Not Valid Based on its Wrong Assessment Rate Claim.**

Plaintiff's protest states that: "even if the entries are subject to antidumping duties, the rate used at liquidation did not apply to the entries in question." (Protest No. 3001-00-100339 at 3.) This Court holds that this statement is insufficient to find Plaintiff's protest valid. The protest states the objection to Customs' decision to assess duties: the rate assessed did not apply to the subject entries. However, like the deemed liquidation claim, the protest failed to state the "reasons" for its objections. It is not possible to determine from Plaintiff's protest any reason <u>why</u> the rate assessed did not apply to the subject entries. Plaintiff's statement fails to set forth the "justification for the objection . . . distinctly and specifically." 19 C.F.R. § 174.13(a)(6).

Arguably, the February Letter contained the reasons and justifications for Plaintiff's objection that the assessed rate did not apply to the subject entries. However, under 19 U.S.C. § 1514(c), a protest may only be amended within the 90-day time period for protesting Customs'

decision. 19 U.S.C. § 1514(c)(1) ("A protest may be amended . . . to set forth objections . . . which were not the subject of the original protest . . . any time prior to the expiration of the time in which such protest could have been filed."). The February Letter is dated February 8, 2001, almost seven months after Customs mailed its demand for payment to Plaintiffs and well after the 90-day time period for filing a protest had expired. Therefore, the February Letter cannot not cure the defects in Plaintiff's invalid protest. Further, this Court holds that the February Letter does not come "within a recognized exception to the 90-day deadline prescribed by section 1514(c)(3)." *Fujitsu Gen. Am.*, 283 F.3d at 1372. Contrary to Plaintiff's contentions, this Court cannot assert jurisdiction over Plaintiff's wrong assessment rate claim as "new grounds in support of objections raised by a <u>valid protest</u>." 19 U.S.C. § 1514(c)(1). The "new ground" exception requires an underlying valid protest, and, as detailed above, Plaintiff's protest was not valid because the protest failed to provide the reasons for its objections.

**3. Policy Reasons Support the Conclusion Reached by this Court.**

This Court agrees with Defendant's characterization of Plaintiff's protest as a "blanket protest." (*See* Def.'s Mot. at 6.) The language of the protest seems to indicate that Plaintiff did not know the reasons or justifications for its protest at the time that the protest was filed. Such a blanket protest does not further the objectives of the administrative process. The court has already rejected the "blanket" method of protest that Plaintiff employed in this case. *See Washington Int'l*, 16 Ct. Int'l Trade at 605. In *Washington International*, the court rejected the plaintiff's argument that checking a box that stated that it challenged the classification of the merchandise was sufficient for a valid protest under 19 U.S.C. § 1514(c). *Id.* at 602-03. In rejecting the plaintiff's argument, the court stated that

> as a matter of policy plaintiff's argument cannot be countenanced. Under plaintiff's interpretation, an importer could simply check every available objection listed on the protest, and then submit at its leisure a 'supplemental' letter containing the reasons for the objections anytime prior to the resolution of the protest. Such a result would surely 'thwart the scheme of orderly claim assessment envisaged by § 1514.'

*Id.* at 605 (emphasis added) (quoting *CR Indus. v. United States*, 10 Ct. Int'l Trade 561, 565 (1986)). In effect, that is what Plaintiff has done here. Plaintiff listed "every available objection" to decision of the Customs official and then submitted a "supplemental" letter months later. *Id*. Such a protest is invalid under the statutory and regulatory requirements and does not further the "orderly claims assessment" mandated by Congress in 19 U.S.C. § 1514. *Id*.

**II. Plaintiff's Motion to Amend its Complaint is Denied.**

Having determined that this Court is without jurisdiction under 28 U.S.C. § 1581(a), granting Plaintiff leave to amend its pleadings in this case would be futile because any such amendment could not cure the deficiencies in Plaintiff's protest. Therefore, Plaintiff's Motion to Amend is denied.

CONCLUSION

This Court holds that Plaintiff's protest was not valid because the protest did not contain the reasons and justifications for Plaintiff's objections to Customs' decision. Thus, this Court lacks jurisdiction to hear Plaintiff's claims under 19 U.S.C. § 1581(a). Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted. Plaintiff's Motion to Amend is denied.

/s/ Gregory W. Carman

Dated: June 8, 2004
      New York, New York